## G. FIGURAS *v.* ADMINISTRATOR OF C. F. BENOIST.

An exception of want of amicable demand will not lie when defendant, prior to being sued, has refused payment of a smaller sum than that claimed in the petition. C. P. 984.

The statement by an administrator that "he could not pay a certain claim until he had rendered his tableau," is not a sufficient acknowledgment of debt to bind the estate.

Although the witnesses are neither nurses nor physicians, they are competent to prove the value of the services rendered by a nurse.

APPEAL from the District Court of the parish of Natchitoches, *Chaplin,* J. *A. H. Pierson,* for defendant and appellant.

MERRICK, C. J.   This suit is brought to recover of the succession of *C. F. Benoist* $1029, for services rendered by the plaintiff and his wife as nurses during the prevalence of the yellow fever in 1853 to the deceased, his family and negroes, and for a small bill of medicines furnished.   The personal services were alleged to be worth $1000.

The record furnishes no proof that any medicines were furnished, as alleged. The Judge of the lower court allowed $525 for the services as nurses, and the defendant appealed.

The defendant having filed, *a limine litis,* the exception of the want of an amicable demand under Article No. 984 of the Code of Practice, urges his exception before this court.   It is in proof, that before the institution of the suit, the plaintiff presented to the administrator of *Benoist's* succession his claim for the same services and medicines, but estimated at $500 for the attention in nursing and $29 for the medicine, instead of $1029 for which the suit was brought.   The *claim* presented to the administrator was the same, although there was a difference of the value of the services on the two occasions.   C. P. 984.   The Judge of the lower court correctly remarks that "it would be doing a vain thing to present a larger account when the smaller was refused." As a party does not lose his claim by demanding more than is his due, the amicable demand must be deemed sufficient.

The statement by the administrator in reference to the account of $29, that "he could not pay it until he had rendered his tableau," is not a sufficient acknowledgment by an administrator that the medicines were furnished, or the estate indebted in that sum.

In regard to the services rendered, the proof shows that the greatest consternation prevailed in the neighborhood at the time, and that nurses could not be obtained at any price.   The plaintiff is shown to have been in attendance on the family and negroes thirty-five days.   The testimony in regard to his wife is more indefinite.   The Judge *a quo* considered the services worth fifteen dollars per day.   When the plaintiff first presented his account to the administrator, he claimed but five hundred dollars.   He could not be permitted to recover more, and we think ten dollars per day, or three hundred and fifty dollars, an ample allowance even in reference to the circumstances under which the services were rendered.

We do not think it important to consider the bill of exceptions as to the testimony of *Lattier.*   The admission of his testimony does not in our opinion affect the case materially

In regard to the testimony of sundry witnesses to prove the value of the services of the plaintiff, we think the court did not err in receiving it, although

FIGURA
v.
BENOIST.

the witnesses were neither physicians nor nurses. It was sufficient that they knew at that time the difficulties in obtaining nurses, and what price such services would at that time readily command. No professional skill is required for this purpose.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the plaintiff do recover of the defendant, in his capacity of administrator of said succession, the sum of three hundred and fifty dollars, with five per cent. interest thereon per annum from the 15th day of April, 1854, until paid, and to be paid in the due course of administration; that he be required to place on the tableau of distribution of said succession one hundred and ninety-five dollars of said sum of $350, and interest, as a privilege claim against the succession, to be classed as expenses during the last illness, and that the residue of said sum of $350, and interest, be classed as an ordinary claim against the succession; and it is further ordered, that the plaintiff and appellee pay the costs of the appeal, and the succession the costs of the lower court.